UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SIDNEY KEYS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:23-cv-00666-SEP |
| | ) |
| BRIAN MOYNIHAN, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Before the Court is pro se Plaintiff Sidney Keys's Motion for Leave to Proceed *in forma pauperis*.[1]  Doc. [2].  Upon review of the financial information provided, the Court finds that Plaintiff is financially unable to pay any portion of the filing fee.  Therefore, Plaintiff may proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Also, for the reasons set forth below, Plaintiff is directed to show cause why this case should not be dismissed for lack of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).

LEGAL STANDARD ON INITIAL REVIEW

Under 28 U.S.C. § 1915(e)(2), the Court must dismiss a complaint filed *in forma pauperis* if it is "frivolous or malicious," or if it "fails to state a claim on which relief can be granted."  To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678.  Determining whether a complaint states a plausible claim for relief is a context-specific task, "requiring the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).  The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  *Barton v. Taber*, 820 F.3d 958, 964 (8th

---

[1] The Court notes that Plaintiff Sidney Keys has previously filed nineteen (19) *in forma pauperis* civil cases in this Court, all of which have been dismissed upon initial review for failure to state a claim, voluntarily dismissed by Plaintiff, dismissed upon a Fed. R .Civ. P. 12(b)(6) motion, or dismissed for failure to comply with a Court order.  Plaintiff has three new civil filings that have not yet been reviewed by the Court pursuant to 28 U.S.C. § 1915.

1

Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court must accept factual allegations in complaint as true but need not "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible . . . the district court should construe the plaintiff's complaint in a way that permits [the] claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts need not "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). Affording a pro se complaint the benefit of a liberal construction does not mean that "procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

### THE COMPLAINT

Plaintiff is a self-represented litigant who filed the instant civil action against the Chief Operating Officer of Bank of America, Brian Moynihan. Doc. [1]. Plaintiff's complaint does not properly articulate a basis for this Court's jurisdiction. Although Plaintiff checked the boxes for both "Federal Question Jurisdiction" and "Diversity of Citizenship" on his "Civil Cover Sheet," he does not allege sufficient facts to support either basis for jurisdiction. *Id.* at 3.

Plaintiff claims to be a citizen of the state of Missouri. *Id.* He does not allege what state Defendant Moynihan is a citizen of, although he states that Bank of America, Defendant's employer, is incorporated under the laws of the State of North Carolina. *Id.* Under the "Amount in Controversy" section of the complaint, Plaintiff states, "Unknown." *Id.*

Plaintiff alleges that, on some unspecified date, he applied for a "V.A. home loan" at Bank of America in Olivette, Missouri, and was denied the loan. *Id.* at 5. He also claims that he was denied a home equity loan by Bank of America in Florissant, Missouri, on an unspecified date. *Id.* Plaintiff alleges that both denials were the result of racial discrimination. *Id.* He does not indicate his race in the body of his complaint, nor does he state how Defendant Moynihan was involved in the denials of his loan applications.

2

Plaintiff also claims:  "I received a check in the mail for $568 from Bank of America stating that it was a settlement from '*Morris v. Bank of America*' on September 20, 2022." *Id.* He alleges that he has never heard of that settlement or case, and he "did not consent to represent himself" in that action.  *Id.*  Plaintiff does not indicate what he did with the check or what law he believes Defendant Moynihan violated with respect to the check.

## DISCUSSION

### I.      Initial Review of Plaintiff's Complaint

Because Plaintiff is proceeding *in forma pauperis*, his complaint is reviewed under 28 U.S.C. § 1915.  Based on that review, the Court finds that Plaintiff has not met his burden of establishing subject matter jurisdiction.

"Subject matter jurisdiction refers to a court's power to decide a certain class of cases." *LeMay v. U.S. Postal Serv.*, 450 F.3d 797, 799 (8th Cir. 2006) (citation omitted).  "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."  *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *see also Gunn v. Minton*, 568 U.S. 251, 256 (2013) ("Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute.").  "Subject-matter jurisdiction is a threshold requirement which must be assured in every federal case." *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990) (citation omitted); *see also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases."). The issue of subject matter jurisdiction may be raised at any time, by any party or by a court. *Gray v. City of Valley Park*, 567 F.3d 976, 982 (8th Cir. 2009).

Federal courts have subject matter jurisdiction over both federal question cases and diversity of citizenship cases. *See Auto-Owners Ins. Co. v. Tribal Court of Spirit Lake Indian Reservation*, 495 F.3d 1017, 1020 (8th Cir. 2007) (subject matter jurisdiction is lacking if neither diversity of citizenship nor federal question jurisdiction applies); *McLaurin v. Prater*, 30 F.3d 982, 984-85 (8th Cir. 1994) (Congress has directed that district courts shall have jurisdiction in both federal question and diversity cases).  The burden of proving subject matter jurisdiction belongs to the plaintiff.  *V S Ltd. P'ship v. Dep't of Hous. & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000).

3

### A.  Federal question jurisdiction under 28 U.S.C. § 1331

Federal question jurisdiction gives district courts "original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States." *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1188 (8th Cir. 2015); 28 U.S.C. § 1331.  Whether a claim arises under federal law is "determined by reference to the 'well-pleaded complaint.'" *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016).  The well-pleaded complaint rule provides that "federal jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint." *Markham v. Wertin*, 861 F.3d 748, 754 (8th Cir. 2017); *see also Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1139 (8th Cir. 2014) ("Under the well-pleaded complaint rule, a federal question must exist on the face of the plaintiff's properly pleaded complaint in order to establish federal question subject matter jurisdiction.").

Plaintiff's complaint must establish "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998); *see also Northwest South Dakota Production Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986) ("A non-frivolous claim of a right or remedy under a federal statute is sufficient to invoke federal question jurisdiction.").  "If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate." *Biscanin v. Merrill Lynch & Co., Inc.*, 407 F.3d 905, 907 (8th Cir. 2005).

### B.  Diversity of citizenship jurisdiction under 28 U.S.C. § 1332

 "Under 28 U.S.C. § 1332(a), district courts have original diversity jurisdiction over civil actions when the matter in controversy exceeds $75,000, without considering interest and costs, and when the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001).  A complaint making a "good faith" allegation of the jurisdictional amount is sufficient to confer jurisdiction.  *Scottsdale Ins. Co. v. Universal Crop Prot. All., LLC*, 620 F.3d 926, 931 (8th Cir. 2010).  But a "complaint will be dismissed if it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Id.*; *see also Kopp v. Kopp*, 280 F.3d 883, 884 (8th Cir. 2002).  "The legal certainty standard is met where the legal impossibility of recovery is so

4

certain as virtually to negative the plaintiff's good faith in asserting the claim." *Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 995 (8th Cir. 2017).

"Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). Diversity jurisdiction requires that the parties be citizens of different states, not merely residents. *Sanders*, 823 F.2d at 216. For purposes of diversity, state citizenship "requires an individual's physical presence in the state coupled with an indefinite intention there to remain." *Blakemore v. Missouri Pac. R.R. Co.*, 789 F.2d 616, 618 (8th Cir. 1986) (citation omitted).

### C. Plaintiff fails to establish subject matter jurisdiction.

The burden of proving subject matter jurisdiction belongs to the plaintiff. *V S Ltd. P'ship*, 235 F.3d at 1112. In this case, Plaintiff has failed to establish subject matter jurisdiction.

As to diversity jurisdiction, Plaintiff has not shown that the amount in controversy exceeds the jurisdictional threshold because he alleges no amount in controversary. Plaintiff also has not established diversity between the parties. For diversity of citizenship to exist, Plaintiff cannot be a citizen of the same state as Defendant. In the caption, Plaintiff provides a Missouri address for himself, but he fails to allege the citizenship of Defendant Moynihan. If Plaintiff and Defendant are citizens of the same state, the Court does not have subject matter jurisdiction under 28 U.S.C. § 1332.

As to federal question jurisdiction, Plaintiff does not name any statute or a provision of the Constitution that he believes Defendant Moynihan violated in relation to the claims in his complaint. Although Plaintiff states in a conclusory manner that he believes Bank of America denied his loan applications due to racial discrimination, Bank of America has not been named as a defendant in this action. Plaintiff also does not allege that Defendant Moynihan acted against him with discriminatory intent or was in any way involved with the loan application process.

Federal question jurisdiction gives district courts original jurisdiction of civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal question jurisdiction is proper where a plaintiff asserts "[a] non-frivolous claim of a right or remedy under a federal statute." *Northwest South Dakota Prod. Credit Ass'n*, 784 F.2d at 325. "If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate." *Biscanin*, 407 F.3d at 907. Here, Plaintiff cites no specific federal

5

statute or provision of the United States Constitution implicated by Defendant Moynihan's purported actions against Plaintiff.

### D. Order to Show Cause

As noted above, Plaintiff has the burden of establishing the Court's subject matter jurisdiction. Plaintiff has not provided a jurisdictional amount, has not clearly alleged diversity of citizenship, and has not pointed to any federal statute or constitutional provision as the basis for his lawsuit. Plaintiff is therefore ordered to show cause as to why this action should not be dismissed for lack of jurisdiction. Plaintiff has **twenty-one (21) days** from the date of this Order to submit a written response. Failure to comply with this Order will result in the dismissal of this case without prejudice and without further notice.

## II.    Motion to Appoint Counsel

Plaintiff also asks the Court to appoint him counsel. Doc. [3]. In civil cases, a pro se litigant has no constitutional or statutory right to appointed counsel. *See Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013); *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). A district court may appoint counsel if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where 'the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel.'" *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (quoting *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986)). When determining whether to appoint counsel for an indigent litigant, a court considers criteria such as "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

Upon review of those criteria, the Court concludes that appointment of counsel is not warranted at this time. Plaintiff has not yet adequately alleged the Court's subject matter jurisdiction, and he must show cause why this action should not be dismissed. At this stage, neither the factual nor the legal issues in this case appear to be especially complex. The Court will entertain future motions for appointment of counsel as the case progresses, as appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Proceed *in forma pauperis*, Doc. [2], is **GRANTED**.

6

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel, Doc. [3], is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff must **SHOW CAUSE** in writing within **twenty-one (21) days** of the date of this Order why this action should not be dismissed for lack of subject matter jurisdiction.

**IT IS FINALLY ORDERED** that if Plaintiff fails to submit a show cause response in writing and within **twenty-one (21) days** of the date of this Order, this action will be dismissed without prejudice and without further notice.

Dated this 13th day of June, 2023.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE